PEDRO S. MEDINA, Plaintiff and Appellant, v. WHITE STAR BUS LINE, Defendant and Appellee.

No. 5840. Argued January 24, 1933.—Decided September 29, 1934.

*Antonio Ayuso* and *Daniel Pellón, Jr.*, for appellant. *J. Henri Brown, C. Ruiz Nazario, G. E. González,* and *G. Benítez Gautier,* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

Pedro S. Medina sued the corporation White Star Bus Line for damages suffered by reason of an accident. After trial, judgment was rendered in favor of defendant and Medina took the present appeal.

■ The first error assigned is that the lower court erred in permitting, at the beginning of the trial, the defendant to add to the defenses stated in her answer to the complaint, the defense that the plaintiff at the time referred to in the complaint was an employee with the right to compensation under the Workmen's Compensation Act and had a claim for compensation in the Industrial Commission for the facts on which the present complaint is based.

Plaintiff objected to the admission of said defense on the ground that the same was immaterial. The court admitted it, but although said decision was erroneous, it caused no prejudice to appellant as it was not considered by the court when the judgment appealed from was rendered as can be seen from the opinion written to sustain its decision. It is true that at the end of the same the court states that its decision of the case in no way affects the right which plaintiff may have to receive compensation under the Workmen's Compensation Act. However, those words can not be interpreted in the sense maintained by appellant, that the court impliedly took into account said defense when rendering judgment, for said words mean what they say, that is, that in dismissing the complaint in this suit his claim for compensation under the Workmen's Compensation Act is not prejudged.

■ We will now decide the tenth assignment of error, by which it is maintained that the lower court committed prejudicial error against the plaintiff in admitting in evidence an entry in a book called "blotter" of police headquarters at

Río Piedras. Said evidence was taken into account by the lower court when judgment was rendered.

At the trial it was proved that policemen are under the obligation by reason of their employment, to enter in said blotter the happenings or accidents within their knowledge; that said blotter contains a written entry made by insular policeman Antonio Cruz Santiago; that said policeman died before the trial; and that the entry is dated the same day that the accident to which this suit refers happened. There was evidence that an insular policeman called Antonio was travelling in the truck, here called bus and which we will continue to so call when plaintiff suffered the fracture of his left leg and there was also evidence to the effect that said policeman had died.

In the case of *People* v. *Viana*, 41 P.R.R. 420, this question was not decided directly, but such an entry by a policeman was considered with other circumstances for the reversal of the judgment of the lower court.

Section 93 of the Law of Evidence provides that the entries and other writings of a decedent, made at or near the time of the transaction, when he was in a position to know the facts stated therein, may be read as prima facie evidence of such facts, among other cases, when it was made in the performance of a duty specially enjoined by law, contract, or employment. Referring to said class of entries, Jones, in his commentaries on the law of evidence, second edition, Volume 3, page 2119 states as follows:

"In general, it may be said that the rule for the admissibility of entries made by private parties in the ordinary course of their business requires 'not merely that they shall be contemporaneous with the facts to which they relate, but shall be made by parties having personal knowledge of the facts, and be corroborated by their testimony, if living and accessible, or by proof of their handwriting, if dead or insane, or beyond the reach of the process or commission of the court. The testimony of living witnesses, personally cognizant of the facts of which they speak, given under the sanction of an oath, in open court, where they may be subjected to cross-examina-

tion, affords the greatest security for truth . . . The admissibility of the declarations is in such cases limited by the necessity upon which it is founded.' It has long been a settled rule of law both in England and in this country that a minute or memorandum in writing, made by a person since deceased at the time when the fact it records took place, in the ordinary course of his business, and corroborated by other circumstances which render it probable that the fact occurred, is admissible in evidence.''

On this question 22 C. J. 803 should be seen.

In view of the above, we must conclude that said error does not exist.

■ The second error assigned is that the court erred in passing upon the manner in which the accident object of this suit occurred. It refers, then, to the weighing of the evidence.

On the day to which this suit refers, about 11:30 A. M. plaintiff was riding a horse on the right side of the road from San Juan to Río Piedras, where he was going. Upon reaching the place known as Hato Rey, between stops 32 and 33 of the street car, which track was near the road on his right side in the same direction, a passenger bus of defendant going towards Río Piedras also by the rightside of the road, overtook the plaintiff. Whilst the bus was passing the plaintiff a street car was coming in the opposite direction and there was a collision between the bus and the plaintiff, who suffered the fracture of the two bones of his left leg. The witnesses for both sides agree on said facts. The contradiction between them is only as to the manner in which the accident occurred, for whilst the witnesses for plaintiff testified at the trial that when the bus was passing the plaintiff it deviated towards the left colliding then by its right, rear end with plaintiff and his horse, the witnesses for defendant testified that when the bus was passing the plaintiff a street car was coming in the opposite direction and made a noise as of the escape of steam and the horse was frightened and backing hit with its left side the right rear end of the bus. Ac-

cording also to the entry in the blotter of the police headquarters at Río Piedras the accident happened in the manner last mentioned.

The conflict in the evidence was decided by the district court giving credit to the statements made by the witnesses for defendant and stated the reasons for such a decision. The latter has been the object of a strong attack by appellant in his brief. However, an examination of the record shows that the conflict in the evidence was decided properly. Perhaps some of the reasons stated by the court as ground for its decision of said conflict are not correct, but anyway we find it correct.

As the evidence supports the conclusion of the trial court as to the fact that plaintiff received the blow in his left leg because when his horse was frightened it collided with the bus, it is unnecessary to consider the other grounds of the appeal based on another theory.

The judgment appealed from must be affirmed.